[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties in this dissolution action were married at Old Lyme, Connecticut, on October 11, 1987, and ceased living together in November 1989. There are no children who are issue of the marriage, however, the plaintiff has a daughter who is issue of her first marriage, which ended in a dissolution.
The court has jurisdiction in that both parties have lived in Connecticut continuously for at least one year immediately prior to the commencement of this action.
The marriage has broken down irretrievably and there is no prospect of reconciliation.
A decree of dissolution of the marriage shall enter.
In acting on the parties' requests for alimony and for a distribution of assets, the court has weighed the evidence in accordance with the factors set forth in 46b-81 and -82 C.G.S.
The court finds that the marriage was a brief one and that the parties entered into it with insufficient acquaintanceship with each other's personal attributes and manner of daily living. The property divisions advanced by both parties rest on the shared assumption that it is equitable for them to leave the marriage with the assets they brought to it and to adjust for transactions during the marriage in which joint assets were used predominantly CT Page 3647 for the benefit of only one of the parties.
Though there appears to be a meeting of the minds as to the appropriate approach, each party has been unsuccessful in recognizing the actual benefits conferred by the other or the advantages unilaterally derived during the two years that they pooled their resources.
The defendant's net income, which is not fully reflected on his financial affidavit, was almost double the plaintiff's income during much of the marriage, and the court finds that in choosing to live in a rented house in Guilford and pooling their weekly income, the parties made the decision at the outset of their marriage that the defendant would be contributing a greater proportion of his income toward living expenses than the plaintiff. Under these circumstances, the court finds inappropriate the defendant's present position, which appears to be that the plaintiff should now be constructively required to pay all of her income for the benefit of the parties' joint budget but that the accumulations of the parties during the marriage should be treated as the defendant's property.
The parties each had an automobile during the course of the marriage. The plaintiff received $3,500.00 from joint assets to complete the monthly payments on the 1986 Nissan she owned before the marriage. The defendant received $4,500.00 from joint funds as the downpayment on a 1989 Ford Taurus, and the plaintiff co-signed the installment contract for the balance of the purchase price. The defendant has made car payments totalling $2,349.00 from the parties' joint account.
The parties had a joint savings account with a balance of $5,422.06 at the time the defendant left the home. The plaintiff has had the benefit of $2,500.00 of these funds, and the defendant has used or is holding the balance. The parties also had an account they designated as a tax account which had a balance in the amount of $4,527.37 at the time the parties separated. The plaintiff claims to have contributed to joint accounts $4,000.00 from funds accumulated before the marriage. The parties' 1987 federal tax returns indicate receipt of an appropriate amount of interest from the Pioneer Financial Management Account, from which the plaintiff testified that the funds were derived, and the court finds that the plaintiff did in fact contribute these funds. She would be entitled to the return of these funds but for the fact that at least that amount was expended from pooled funds for expenses incurred by her before she moved from Boston to Connecticut to join the defendant and to marry:
New England Telephone $ 111.65 CT Page 3648
Boston Edison 9.01
Dr. Krupman 240.00
health insurance 418.76
IRS 1,710.00
Massachusetts taxes 390.00
accountant 400.00
student loan payments 783.30
During the course of the marriage, the plaintiff borrowed against the cash value of her life insurance policy in order to reduce the balances on two credit cards primarily used by her and two credit cards primarily used by the defendant. The parties presented no evidence sufficient to allow the court to determine how the loan proceeds were allocated, and the court therefore lacks any basis to adjust for this transaction.
The plaintiff claims that the defendant appropriated for his own use for 1989 federal income taxes the entire amount of a $1,126.00 overpayment the parties made as to their jointly-filed 1988 taxes. The plaintiff's 1989 tax return reveals that she claimed $563.00 of the 1988 overpayment, however, correspondence from the IRS indicates that she did not receive any part of the credit from the 1988 overpayment. (See Ex. 2). The court finds that the plaintiff is entitled to half the overpayment, which constitutes an accumulation of joint funds in that she contributed to the 1988 taxes by periodic withholding from her pay check.
The security deposit which the defendant paid as to the first house the parties rented in Guilford was later applied to the extent of $850.00 to the second rental, the plaintiff's present residence. The defendant is entitled to half that amount.
Taking into account all of the above adjustments, the court orders that the defendant transfer to the plaintiff the sum of $5,961.72 within two weeks of this order. The security deposit on the house in Guilford shall be the plaintiff's asset when it is refunded.
The defendant shall be responsible for the loan applicable to his automobile, and he shall indemnify and hold the plaintiff harmless as to this loan.
The parties have divided most of the personal property. The Cuisinart food processor shall be the property of the defendant. CT Page 3649 The furniture purchased by the parties during the course of the marriage shall be the property of the plaintiff with the exception of those items which have already been taken from the premises by the defendant pursuant to the agreement of the parties at the time he left the house.
No alimony is awarded to either party.
The plaintiff's maiden name, Anderson, shall be restored to her.
The parties shall be responsible for their own counsel fees.
Beverly J. Hodgson, Judge